By the Court.
The finding of facts by the court of appeals is called in question, but a reading of the record discloses that said finding is not un *334 supported by evidence. By that finding this court is therefore bound.
Consequently a question of law is presented, whether the building restrictions, when construed in the light of the facts as found, will justify the decree under review.
In Arnoff v. Williams et al., 94 Ohio St., 145, this court was called upon to construe the following phrase used in a deed, “No more than one residence building shall be located upon a lot or tract of land of fifty feet in frontage,” and it was held that such restriction did not prevent the erection of a four-suite apartment house. It is contended that this holding, together with a like interpretation in Hunt v. Held, 90 Ohio St., 280, of the phrase “for residence purposes only,” is conclusive of the issue in the case at bar.
In each of the cases referred to there was involved simply the bald construction of the phrases quoted, with no extrinsic aids to construction other than such as appeared in the instruments of which the phrases were a part. However, even if we could confine our view within the narrow limits of the words themselves, the instant case could not be disposed of upon the authority of the cases cited, since the word “house,” though in some connections used as synonymous with “building,” is unquestionably used, and commonly, both in literature and in common speech, as the equivalent of that sort of a home technically known as a single family residence. The latter interpretation gains in force when it is observed that the term “building” or “structure” is used when it is desired to control the *335 place of construction, and the phrase “for residence purposes” when the general character of the occupancy is in question. The further and distinct limitation of each lot owner to “one house only” was evidently inserted for another purpose. It would be hypertechnical to interpret that purpose as satisfied by the construction of as many abodes as can be arranged vertically or horizontally under a common roof.
The truth is that attempts to give precise scope and meaning to common words of homely speech are bound to fail, unless resort is had to the surroundings both of parties and subject-matter, the writer and the matter written about. In the instant case the proper tribunal of fact has found that the words of restriction, employed in the written instruments under which both parties claim, have acquired, by common understanding long observed, a special significance in the particular vicinity, and that the plaintiffs in error had due notice thereof.
In a court of equity the result must be the same as if technically apt words had been used to restrict the building operations of the parties within the limits which local but known and observed usage had given the words actually employed.
For the reasons assigned the judgment of the court of appeals must be affirmed.

Judgment affirmed.

Matthias, Johnson, Robinson and Merrell, JJ-, concur.